UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>v.<br>MERCEDES DE LA PAZ,<br>   Defendant. | Case No.: 17cr4181<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT, 18 U.S.C. § 3582(c)(1)(A)**<br><br>[ECF No. 77; 84] |

## I.   INTRODUCTION

Before the Court is Mercedes de La Paz's motion for compassionate release and to modify her sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  For the reasons discussed below, the motion is denied.

## II.   BACKGROUND

La Paz is now 72.  At the time of her drug importation offense in 2017, La Paz was already 67 years of age.  She was convicted after a jury trial for smuggling 14.5 kilograms of pure methamphetamine inside the gas tank of her automobile.  Although she had no prior criminal history, she was not safety-valve eligible and her offense demanded a 120 month mandatory minimum sentence, despite her age.  That sentence was affirmed on appeal.

La Paz says she continues to have medical issues with cervical and lumbosacral degenerative disease, disc disease, lumbar radiculopathy, chest pain, vertigo,

-1-

17cr4181

fibromyalgia, hypothyroidism, and progressive nerve damage. Mot. at 2. In view of her COVID-19 risk, age, and medical conditions, she asserts that her circumstances are extraordinary and compelling and that the remainder of her sentence should be spent in home confinement. Supp. Mot. at 4.

## III. LEGAL STANDARD

Generally, a "court may not modify a term of imprisonment once it has been imposed." 28 U.S.C. § 3582(c); *see also United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). However, one exception is a case where a motion for compassionate release is filed by a federal inmate. *Keller*, 2 F.4th at 1281.[1] When reviewing such a motion, courts may consider the factors set forth in 18 U.S.C. § 3553(a)[2] to the extent they are applicable once it finds that "extraordinary and compelling reasons" exist.

In the future, a motion for compassionate release under § 3582(c)(1)(A) will require consideration of policy statements issued by the Sentencing Commission for motions brought by defendants. However, today, the Commission's policy statements apply only to motions brought by the Bureau of Prisons. *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) ("There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)."). As a result, courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* In other words, a court is vested with the discretion to determine whether extraordinary and

---

[1] The inmate must first exhaust the administrative remedy by asking the warden to move for compassionate relief. 28 U.S.C. § 3582(c)(1)(A). At least 30 days from the receipt of such a request by the warden of the defendant's facility must pass before an inmate may file his or her own motion. *Id.*

[2] These factors include (1) the "nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the "need for the sentence imposed"; (3) the "kinds of sentences available"; (4) the "kinds of sentences and the sentencing range established"; (5) "pertinent policy statements"; (6) the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) the "need to provide restitution to any victims of the offense."

compelling reasons exist beyond those specifically delineated in U.S.S.G. §§ 1B1.13, which is the policy statement applicable to the Bureau of Prisons.  *See, e.g.*, *United States v. Parker*, 461 F. Supp. 3d 966, 978 (C.D. Cal. 2020) (holding that "the scenarios for compassionate release, reflected in the Sentencing Commission's policy statement codified in U.S.S.G. § 1B1.13, no longer limit the circumstances under which a defendant may seek compassionate release pursuant to Section 3582(c)").

## IV.   DISCUSSION

A motion to reduce a sentence or for compassionate release under the First Step Act, § 3582, entails three primary inquiries: "first, whether Defendant has satisfied the administrative exhaustion requirement, [] second, whether Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction," and third, the § 3553(a) factors.  *United States v. Galaz*, 477 F. Supp. 3d 1134, 1137 (S.D. Cal. 2020); *see also Keller*, 2 F.4th at 1282-84.  As discussed above, the Court finds that after undertaking these inquiries, the results weigh against granting La Paz's motion.

She has exhausted her administrative remedies.  But her circumstances do not present extraordinary and compelling reasons.  Her advanced age and medical condition were noted in the Presentence Report (¶ 33) at the time of her sentencing in 2018.  The only fact that was not considered at the time of sentencing was the risk to prisoners of the then-unknown COVID-19 virus.

The Presentence Report and the Government calculated her Sentencing Guidelines range to be 292-365 months.  Her own attorney calculated the Sentencing Guidelines range to be 168 to 210 months.  La Paz received a below-Guidelines sentence of the minimum mandatory 120 months.

While the Sentencing Commission's policy is not binding in the context of a prisoner-initiated motion, the policy still offers guidance.  In this case the policy statement addresses a prisoner's age-related medical conditions.  In fact, all of the enumerated circumstances constituting "extraordinary and compelling reasons" relate to a defendant's individual characteristics or conditions.  It describes some combination of the

defendant's health, age, and family situation. *See* U.S.S.G. § 1B1.13 cmt n.1. Pertinent here, according to the policy statement, the standard for compassionate release is satisfied if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75% of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1(B). La Paz does not meet these conditions because she has not yet served ten years or 75% of her 120 month sentence. In other words, the Sentencing Commission's policy guideline would not consider her circumstances to be extraordinary and compelling. Does the threat of COVID-19 when added to her personal circumstances make her case exceptional and compelling? Not at this time. Vaccines, natural immunities, and more successful medical treatments have had an overall effect of ameliorating some of the risks of contracting COVID-19. Finally, even if her age and medical condition qualified as extraordinary and compelling, the third consideration (*i.e.*, the § 3553(a) factors) would weigh against compassionate release. Modifying her sentence to home confinement after only three years of imprisonment would result in a large sentencing disparity as compared to others sentenced for the same offense, would not promote respect for the law, and would not act as much of a deterrent to others considering committing the same drug smuggling offense.

**ORDER**

For the reasons set forth above, IT IS ORDERED that the motion be denied without prejudice in the event her circumstances or conditions change significantly.

**IT IS SO ORDERED.**

DATED: November 22, 2021

_____
HON. ROGER T. BENITEZ
United States District Judge